UNITED STATES DISTRICT COURT
for the
District of Maryland

United States of America
v.
AMIR P. WILSON

Defendant(s)

Case No. 25-mj-02435

FILED ___ ENTERED
LOGGED ___ RECEIVED

SEP 2 5 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _DL_ DEPUTY

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ian Montijo, being first duly sworn, hereby depose and state as follows:

### PURPOSE OF AFFIDAVIT

1. I make this affidavit in support of an application for an arrest warrant of AMIR PHILLIP WILSON.

### AGENT BACKGROUND

2. Your affiant, Ian Montijo, is a Special Agent assigned to the Federal Bureau of Investigation's ("FBI") Baltimore Field Office. I have been employed by the FBI since January 2020. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

3. The facts of this affidavit come from my review of the evidence, my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. Except as explicitly set forth below, I have not distinguished in this affidavit between facts of which I have personal knowledge and facts of which I have hearsay knowledge. This affidavit merely intends to show that sufficient probable cause exists for the requested warrants and does not set forth all of my knowledge about this matter.

### FACTS SUPPORTING PROBABLE CAUSE

4. On or about September 24, 2025, at approximately 5:00 a.m. the National Security Agency ("NSA") Police opened Visitor Control Point ("VCP") 6 which provides access to NSA's secure campus located on and adjacent to Fort George G. Meade, Maryland. VCP 6 is located adjacent to Maryland State Route 32 and provides access to the NSA campus from Maryland State Route 32 Eastbound.

5. At approximately 5:10 a.m., the NSA Police Officer stationed at VCP 6 (hereinafter "Officer 1") observed a vehicle (a 2019 Black Nissan Pathfinder) move through the checkpoint without presenting the appropriate badge ID, which when scanned electronically, grants access to the secure area. Officer 1 informed other officers and dispatch via radio that an unauthorized vehicle had entered the secure area, provided a description of the 2019 Nissan Pathfinder, and noted damage to the front end of the vehicle.

6. A second NSA Police Officer (hereinafter "Officer 2"), while patrolling NSA's campus in the vicinity of Emory and Canine roads, noted the 2019 Black Nissan Pathfinder with front end damage being driven by a man wearing a white tank top. Officer 2 activated his vehicle's emergency lights and began to follow the vehicle. Shortly after activating the emergency lights, Officer 2 observed the suspect vehicle strike another NSA Police vehicle before continuing towards O'Brien Road.

7. As the suspect vehicle traveled down O'Brien Road at approximately 40 to 50 miles per hour, it struck the marked police vehicle of another responding NSA Police Officer (hereinafter "Officer 3") and careened into a concrete retaining wall where it came to a stop. Officer 3's vehicle was operating red and blue emergency lights at the time of the collision. Both the airbags on Officer 3's vehicle and the suspect vehicle deployed.

8. Officer 3 exited his vehicle following the collision and stumbled due to dizziness. Officer 3 sustained abrasions to his forearm, soft tissue injuries to one of his shoulders, and a laceration to the top of his head. After responding to the scene later, the affiant observed that the front windshield of Officer 3's vehicle was cracked in a spiderweb-like pattern in the top left corner. Upon arrival of emergency medical services, Officer 3 reported nausea, blurred vision,

pain to his left hand. Officer 3 was transported by emergency medical services to a local hospital for treatment.

9. Immediately following the collision, Officer 3 and two other officers approached the stopped 2019 Black Nissan Pathfinder and attempted to make contact with the driver. The driver appeared unconscious and was sprawled across the two front seats of the vehicle. Officers attempted to open the doors to render aid to the driver, but the doors were locked. Officers then broke the driver's side front and rear door windows in order to unlock the car and extract the driver. At this time Officer 3 felt a second wave of lightheadedness and moved away from the suspect vehicle and sat down.

10. Once Emergency Medical Services arrived on scene and began treating the driver, officers conducted a search of the suspect vehicle to ensure no further threats or hazards were present which could impact the medical personnel or officers in the area. Officers located a Maryland state identification card which identified the driver as AMIR PHILLIP WILSON.

11. One of the officers searching the car also observed a handgun in a bag located in the rear footwell behind the driver's seat. The firearm, a black Beretta M9 .22 caliber pistol, bearing serial number BM042592. This firearm was not registered to WILSON.

12. During this time officers also conducted database and records checks of the license plate number and vehicle identification number ("VIN") of the 2019 Nissan Pathfinder. The District of Columbia license plate number, JH4757, present on the vehicle at the time of the incident, was reported stolen and was not associated with the Nissan Pathfinder. The Nissan Pathfinder was also separately reported stolen.

13. Criminal history reports and a Maryland Criminal Justice Dashboard report indicate WILSON is prohibited from possessing firearms based on his prior convictions.

14. Based on the foregoing, your affiant submits that there is probable cause to believe that AMIR P. WILSON violated 18 U.S.C. § 111(a)(1), which makes it a crime to forcibly assault, resist, oppose, impede, intimidate, or interfere with a Federal Law Enforcement Officer engaged in the performance of their official duties.

_____
Special Agent Ian Montijo
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 25th day of September 2025.

_____
HONORABLE CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE